**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOSHUA W. ROLAND,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)　　Civil Action No. 3:20-cv-144
　　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
OFFICER MARK GENSAMER,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　)

**<u>MEMORANDUM</u>**[1]

For the reasons that follow, the Court will grant Defendant Mark Gensamer's Motion for

Summary Judgment (ECF 72), enter judgment in his favor and against Plaintiff Joshua W. Roland

and close this case.

**I.　　Relevant Procedural History**

Roland, who is proceeding *pro se*, commenced this civil action in July 2020 by filing a

motion for leave to proceed in forma pauperis. At the time, Roland was incarcerated at the Blair

County Prison. The Court granted Roland's motion on August 20, 2020 and the Clerk of Court

filed the Complaint (ECF 19) on that date.

In the Complaint, Roland named as defendants the Blair County Prison, Warden Abbie

Tate and Officer Mark Gensamer. Roland alleged that on July 11, 2019, Gensamer, an officer who

handles inmates' incoming and outgoing personal mail at the Blair County Prison, rejected a

personal letter to a family member that Roland sought to mail. (ECF 19, ¶ 3.) Roland further

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. (ECF 8, 32.) Thus, the undersigned has the authority to decide dispositive motions and enter final judgment.

alleged that Gensamer opened and read the July 11, 2019 letter and that something in the content of the letter prompted him to call the Hollidaysburg Borough Police Department, which then issued a search warrant for Roland's cell phone.[2] (*Id.* ¶ 11.) The police officer who served the search warrant on Roland on July 13, 2019 told him "that it was being served because of 'something with a letter you wrote.'" (*Id.* ¶ 12.)

The Complaint alleged that Gensamer did not notify Roland that his letter was rejected. (*Id.* ¶ 13.) In the Complaint, Roland brought claims under 42 U.S.C. § 1983 against each of the original defendants (Gensamer, Warden Tate and the Blair County Prison), asserting that the failure to notify him that his letter was rejected and not mailed violated his right to procedural due process afforded to him under the Fifth and Fourteenth Amendments. (*Id.* ¶¶ 4, 7, 9, 14.)

Defendants moved to dismiss the Complaint. (ECF 34.) The Court granted in part and denied in part their motion. (ECF 42.) Specifically, the Court denied Defendants' motion to the extent it sought the dismissal of the Fourteenth Amendment procedural due process claim asserted against Gensamer. The Court granted Defendants' motion to the extent that it: (1) dismissed with prejudice all claims against the Blair County Prison and the Fifth Amendment due process claims brought against all defendants; and (2) dismissed without prejudice the official capacity claims against Gensamer and Warden Tate and the Fourteenth Amendment procedural due process claim asserted against Warden Tate in her individual capacity.

---

[2] At the end of the Complaint, Roland verified "that the facts set in [it] are true and correct *to the best of my knowledge, information and belief*." (ECF 19 at p. 19 (emphasis added)). As explained below, Roland later acknowledged that Gensamer was on vacation during the events at issue in this lawsuit and Gensamer was not the officer who handled his letter. (ECF 58, 59, 68.)

Roland had the option to file an amended complaint to attempt to cure the pleading deficiencies with respect to those claims the Court dismissed without prejudice. He notified the Court that he opted not to do so. (ECF 43.) Thus, following the disposition of Defendants' motion to dismiss, the only remaining claim in this civil action is the Fourteenth Amendment procedural due process claim asserted against Gensamer.

Gensamer filed a verified Answer and Affirmative Defenses to the Complaint. (ECF 45.) In it, Gensamer averred that he was not involved in the rejection of Roland's July 11, 2019 letter because he was on vacation as of July 9, 2019 and did not return to work until July 14, 2019. (ECF 45 ¶¶ 3, 10-11, 13, 38.)

The Court held the initial case management conference on October 26, 2021. By this time, Roland was no longer incarcerated, having been released from the Blair County Prison on February 22, 2021. (ECF 40.) Following this conference, the Court issued a case management order. (ECF 49.) The Court directed that the parties make their Rule 26(a)(1) initial disclosures in November 2021 and that all discovery be completed by February 23, 2022. The Court also ordered that the parties move to amend the pleadings or add new parties by November 30, 2021.

The Court held a telephone status conference on December 21, 2021. During this conference Roland informed the Court that he wanted to file an amended complaint. Thereafter, Roland filed a motion under Rule 15 of the Federal Rules of Civil Procedure seeking leave to file an amended complaint that named as defendants in this action Officer Zachary A. Ritchey and Deputy Warden James Eckard and that withdrew Roland's claim against Gensamer and terminated him as a defendant in this case. (ECF 58.) Roland alleged in the proposed amended complaint that it was Ritchey—not Gensamer—who rejected the July 11, 2019 letter, read it and then advised

Deputy Warden Eckard of the letter's contents. Roland alleged that neither Ritchey nor Eckard notified him that his letter had been rejected by the prison. (ECF 58-1, ¶¶ 10-14.) He sought to bring a § 1983 claim against Ritchey and Eckard asserting that they each violated his right to procedural due process afforded to him by the Fourteenth Amendment

The proposed new defendants (who shared counsel with Gensamer) opposed Roland's motion. (ECF 62.) After Roland's motion was fully briefed the Court issued a memorandum and order denying his request for leave to file an amended complaint. (ECF 69, 70.) As for Eckard, the Court found no relation back under Rule 15(c) and thus held that it would be futile to permit Roland to file the proposed amended complaint naming him as a defendant since the claim Roland wanted to bring against him is time-barred. As for Ritchey, the Court denied leave to amend under Rule 15(a) because of Roland's unexplained delay in moving to bring his claim against Ritchey.[3]

After discovery, Gensamer filed the pending motion for summary judgment (ECF 72), which is supported by a brief (ECF 73) and a concise statement of material facts (ECF 74.) Gensamer contends, among other things, that he is entitled to judgment in his favor because there is no record evidence that he had the requisite personal involvement necessary to proceed to trial with the procedural due process claim asserted against him in the Complaint.

The Court ordered Roland to respond to Defendants' motion by November 29, 2022. (ECF 75.) He failed to respond, request more time to do so or otherwise communicate with the Court. The Court then issued another order directing Roland to respond no later than January 13, 2023. (ECF 76.) Roland was also advised that if he did not file a response the Court would proceed to decide Gensamer's summary judgment motion on the merits without his response. (*Id.*) Roland

---

[3] The Court concluded that this reasoning applied to Roland's claim against Eckard as well.

once again failed to comply with the Court's order, request an extension or communicate with the Court in any manner.[4]

Thus, Roland has not submitted an opposition to Gensamer's motion for summary judgment or disputed Gensamer's concise statement of facts as required by Local Rule 56.C.1. As a consequence, and in accordance with the applicable procedural rules, the Court has treated the facts as stated in Gensamer's concise statement of material facts as undisputed for the purpose of resolving his motion.

## II.     Relevant Factual Background

As discussed above, the procedural due process claim Roland asserted against Gensamer in the Complaint is based on the allegation that on July 11, 2019 Gensamer rejected a personal letter Roland sought to mail without notifying Roland that his letter was rejected. (ECF 19, ¶¶ 3, 10-13.) It is now undisputed that Gensamer was not the officer who handled Roland's letter. Gensamer was on vacation from July 9, 2019 until July 14, 2019 and was not working at the Blair County Prison on the dates the events at issue in this lawsuit occurred. (ECF 74, ¶¶ 1-6.)

## III.    Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any

---

[4] In fact, Roland has not communicated with the Court in any way since April 29, 2022. (ECF 68.) Thus, it appears to the Court that he has abandoned prosecution of this case. However, because Gensamer has shown that he is entitled to judgment in his favor on the claim Roland asserted against him in the Complaint, the Court will dismiss the claim with prejudice for that reason and enter final judgment in Gensamer's favor.

element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine, material dispute and an entitlement to judgment. *Id.* at 323. This showing does not necessarily require the moving party to disprove the opponent's claims. Instead, this burden may often be discharged simply by pointing out for the court an absence of evidence in support of the non-moving party's claims. *Id.*; *see, e.g.*, *Spierer v. Rossman*, 798 F.3d 502, 508 (7th Cir. 2015).

Once the moving party has met its initial burden, then the burden shifts to the non-moving party to demonstrate, by affidavit or other evidence, "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A non-moving party must "go beyond the pleadings" and show probative evidence creating a triable controversy. *Celotex*, 477 U.S. at 324. An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In following this directive, a court must take the facts in the light most favorable to the non-moving party and must draw all reasonable inferences and resolve all doubts in that party's favor. *Hugh v. Butler Cnty. Fam. YMCA*, 418 F.3d 265,266 (3d Cir. 2005); *Doe v. Cnty of Ctr., Pa.*, 242 F.3d 437, 446 (3d Cir. 2001).

Although courts must hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), at the summary judgment stage a *pro se* plaintiff is not exempt from his burden of providing some affirmative evidence, not just mere allegations, to show that there is a genuine dispute for trial. *See, e.g.*,

*Barnett v. NJ Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014) (holding that the *pro se* plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories…sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); *Siluk v. Beard*, 395 F. App'x 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law.").

## IV.   Discussion

Roland brings his procedural due process claim against Gensamer under 42 U.S.C. § 1983. To prevail on a claim under § 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not create substantive rights but instead "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

Importantly, "a plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs.'" *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). That is because only a person who "subjects, or causes to be subjected" another person to a civil rights violation can be held liable under § 1983. Thus, a defendant in a civil action can be held liable only for his or her own conduct. *See, e.g.*, *Rode*, 845 F.2d at 1207; *see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Barkes v. First Corr. Med.*, 766 F.3d 307, 316 (3d Cir. 2014) (rev'd sub. nom. on other grounds 575 U.S. 822 (2015)); *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005)

("To impose liability on the individual defendants, Plaintiffs must show that each one individually participated in the alleged constitutional violation or approved of it.") (citing *C.H. v. Oliva*, 226 F.3d 198, 201-02 (3d Cir. 2000) (en banc)).

It is now undisputed that Gensamer was not the officer who rejected without notice Roland's July 11, 2019 letter. Thus, no rational fact finder applying the uncontroverted evidence in the summary judgment record could find for Roland on the procedural due process claim he asserted against Gensamer in the Complaint. Accordingly, Gensamer is entitled to summary judgment in his favor based on his lack of personal involvement in the events at issue in this lawsuit.

## V.    Conclusion

Based on the above, the Court will grant Gensamer's Motion for Summary Judgment (ECF 72) and enter judgment in his favor and against Roland and close this case.

An appropriate order follows.


Dated: May 4, 2023                    BY THE COURT:


                                      /s/ Patricia L Dodge
                                      United States Magistrate Judge